May Term,
1861.

Thompson.
v.
Voss.

---

## THOMPSON v. VOSS.

Suit upon a promissory note. Answer : that the note was given for a part of the purchase money of a saw mill, and the assignment of a subscription for the purpose of rebuilding the same ; that the vendor represented that the mill and machinery were perfect, and the subscription valid, and worth $300; that in fact, the mill, machinery and subscription were of no value to defendant, and that the note sued on was the last one given. *Held*, that the answer was bad, on demurrer.

APPEAL from the *Hamilton* Common Pleas.

HANNA, J.—Suit by *Voss*, as the assignee of *Neal*, against *Thompson*, upon a promissory note.

Answer: that the note was given in consideration of a sale, by *Neal* to the defendant, of a saw mill and appurtenances, and a subscription which had been raised by the citizens for

*Thursday,
June 6.*

May Term,
1861.

the purpose of rebuilding the mill. That *Neal*, at the time of the sale, represented the mill and machinery to be perfect and in good condition, and that the subscription was good, and of the value of three hundred dollars, which, in fact and in truth, is and was wholly worthless, and of no value whatever to the defendant, both the mill, machinery and the subscription. That the defendant was to give $1,400 for the premises, and has had no deduction, and the note sued on is the last one given, and that the consideration has failed.

A demurrer was sustained to this answer; and the defendant failing to answer further, judgment was rendered for the plaintiff.

The demurrer was correctly sustained. The answer is so obviously defective, that we deem it unnecessary to point out the particular deficiencies.

But it is insisted that there was no demurrer, but a kind of replication to it. The demurrer commences by stating, that the "plaintiff, for *reply* to the answer of the defendant, says that the same does not contain facts sufficient," &c. The plaintiff was guilty of a misnomer, merely, in characterizing his pleading as a "reply;" the legal effect of it was, neither to traverse, nor confess and avoid the answer, but to dispute its sufficiency in law. There is no error in the record.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

*John Green* and *J. W. Evans*, for the appellant.

*G. H. Voss*, for the appellee.